UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIO J. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA STATE OF, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-232-JD-MGG |

OPINION AND ORDER

Mario J. Sanchez, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This is the third case Sanchez has filed about his pending state criminal trial in an attempt to get the federal court involved in that state trial. *See Sanchez v. Ind. Dep't of Child Servs.*, No. 3:21-cv-306-JD-MGG (N.D. Ind. filed Apr. 30, 2021); *Sanchez v. LaPorte Circuit Ct.*, No. 3:21-cv-317-JD-MGG (N.D. Ind. filed May 5, 2021). Here, Sanchez sues the State of Indiana and the Honorable Thomas J. Alvito, the state court judge presiding over his criminal trial. Sanchez has been detained since January 2019, awaiting trial on

child molestation charges. He complains that Judge Alvito denied his request to be released on GPS monitoring, saying, "I'm not gonna let him out. He's a child molester." ECF 1 at 2. Sanchez sues Judge Alvito for slander because he has not been found guilty yet.

Judge Alvito's statements were made in the course of a judicial proceeding to determine whether Sanchez should be released from detention on GPS monitoring. Therefore, he is absolutely immune for all acts done in the course of this proceeding. *See Polzin v. Gage,* 636 F.3d 834, 838 (7th Cir. 2011). This means that Sanchez cannot sue Judge Alvito for anything that happens during a judicial proceeding. Sanchez has been told this before when he sued the judge for setting excessive bail:

> As for Judge Alevizos, he cannot be sued for money damages under § 1983 for acts taken in a judicial capacity. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

*Sanchez*, No. 3:21-cv-317-JD-MGG, ECF 3 at 2 (order of May 11, 2021).

Sanchez argues that because he has been in pretrial detention now for more than two years, the state court should drop the case. He cannot get that relief from a case under 42 U.S.C. § 1983 in federal court. He has been told this also:

> To the extent Sanchez is attempting to obtain release from custody, he cannot do so in this action, and instead his sole remedy lies in habeas corpus. 28 U.S.C. § 2241; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). "[I]f a prisoner claims to be entitled to probation or bond or parole, his proper route is habeas corpus, even though he is seeking something less than complete freedom." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings as long as the state court provides an adequate opportunity to raise

> the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). "Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979)).

*Sanchez*, No. 3:21-cv-317-JD-MGG, at ECF 3-4 (order of May 11, 2021).

Similarly, Sanchez has been told he cannot sue the State of Indiana under 42 U.S.C. § 1983 in federal court:

> [T]here are strict limits to when a state may be sued in federal court. "The Eleventh Amendment provides states with immunity from suits in federal courts unless the State consents to the suit or Congress has abrogated their immunity." *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012). There is no state statute allowing the circuit court to be sued, and "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

*Sanchez*, 3:21-cv-317-JD-MGG, ECF 3 at 2 (order of May 11, 2021).

Sanchez has repeatedly attempted to get the federal court involved in his state criminal case, despite being told that it is improper. Yet he still filed this case against two defendants who are immune from suit, asking the federal court to get involved in his state criminal case. This complaint does not state a claim. Although "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile," *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), here Sanchez will not be given the chance to amend his complaint. His repeated attempts to sue the state court judge are malicious and any attempt to get the state charges dropped are legally frivolous.[1]

---

[1] The court notes that even though this case will not proceed past screening, Sanchez still owes a separate filing fee for this case, assessed in a separate order. Once a prisoner files a complaint, the filing fee is owed even if the complaint is dismissed right away. *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997), *overruled on other grounds by Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461 (7th Cir.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on March 29, 2022

                                              /s/JON E. DEGUILIO
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

---

2017) ("[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility.").